HAROLD E. SMITH vs. SOMERSET TRACTION COMPANY.

Somerset.     Opinion October 31, 1918.

*Negligence.   Last Clear Chance Doctrine.   Contributory negligence.*

In an action to recover damages caused to the plaintiff's motor sprinkling truck, driven by his servant, by collision with a car of the defendant, the jury having returned a verdict for the plaintiff, it is

*Held:*

1. That the driver's own negligence in turning directly on to the track of the defendant without using reasonable efforts to discover whether a car was approaching precludes recovery. His conduct was not that of a reasonably prudent man concerned for his own safety.

2. The last clear chance doctrine does not apply. The driver's negligence actively continued from its commencement up to the moment of collision.

3. The verdict is so manifestly contrary to the law and the evidence that it should not stand.

Action on the case to recover damages on account of alleged negligence on part of defendant. Defendant filed plea of general issue. Verdict for plaintiff in sum of $418.75. Defendant filed motion for new trial. Motion sustained.

Case stated in opinion.

*Fred F. Lawrence,* for plaintiff.

*Butler & Butler,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J. The plaintiff seeks to recover for damages caused to his motor sprinkling truck, driven by one Boothby, in collision with a car of the defendant. The accident occurred on August 19, 1917, on Madison Avenue in the town of Skowhegan. The driver of the truck entered Madison Avenue from Pleasant Street on the west, crossed the track of the defendant and proceeded in a northerly direction on the easterly side of the track and three or four feet there-

from until he was opposite the stand-pipe from which he was to refill the sprinkler. He then swung the front end of the truck on to the track, put on his brakes and stopped, preparatory to reversing his gears and backing up to the stand-pipe. Before he was off the track the sprinkler was struck by the electric car which had come up Madison Avenue in the same direction as the truck.

The driver's own story of the accident proves such negligence on his part as precludes recovery. As he was proceeding up Madison Avenue he was free and clear of any car that might overtake him. The moment he turned toward the track he was approaching possible peril. It then became his duty to use reasonable efforts to ascertain whether a car was coming from behind. When he left Pleasant Street he glanced down Madison Avenue the short distance of two lots, and says he saw no car. He did not look again until just before he turned on to the track, when he looked over his shoulder, but the body of the sprinkler obstructed his view, so that he could see a distance of only fifteen or twenty feet along the track, which was about the length of the truck itself. With that restricted view he admits that he turned directly onto the track, and the collision followed. This certainly was not the conduct of a reasonably prudent man concerned for his personal safety. It was a clear case of contributory negligence. Perhaps the presence of a companion riding with him simply for pleasure may throw some light upon the degree of watchfulness he was exercising.

To relieve himself from this predicament the plaintiff invokes the last clear chance doctrine, and argues a subsequent and independent negligence on the part of the motorman of the electric car, after the truck had reached its perilous position. The evidence wholly fails to warrant the application of that doctrine. The collision followed close on the turning of the truck and the motorman of the electric car then used every reasonable effort to avoid the accident. The driver's negligence actively continued from its commencement up to the moment of collision, and this case is governed by *Butler* v. *Railway*, 99 Maine, 160; *Philbrick* v. *Railway*, 107 Maine, 429, and *McKinnon* v. *Railway*, 116 Maine, 289.

The verdict is so manifestly contrary to the law and the evidence that it should not stand.

*Motion sustained.*